NEW-YORK,
May, 1815.

MORREL
v.
PIXLEY,
&c.

MORRELL AND OTHERS, *executors, &c. against* PIXLEY.

SAME *against* SEAMAN AND REYNOLD, *bail, &c.*

A bail-piece in a cause, after an attempt by the bail to surrender, was not allowed to be amended, at the instance of the plaintiff, by striking out the words, "trespass on the case," and inserting the word *debt*, so as to make it conform to the action in which the principal was, in fact, arrested, the plaintiff's attorney, not having discovered the mistake, until after a suit against the bail.

SLOSSON, for the plaintiffs, moved for leave to amend the bail-piece filed in this cause, by striking out the words, "Trespass on the case," and inserting, in their place, the word *debt*. The writ and declaration were in debt, and special bail was put in, in *June*, 1813. Judgment was obtained in *January* term, 1814, on which a *ca. sa.* was issued, and returned *non est inventus*. In *September* following the suit was commenced against the bail, and in *February* last, a declaration was filed, to which the defendants, in *March* last, pleaded *nul tiel record*.

It appeared that in *October* or *November* last, one of the plaintiffs was informed of the mistake in the bail-piece; but the plaintiff's attorney stated, that he did not know of it, until it was intimated to him, in *April* last, by the attorney for the defendant. It appeared, also, that some time after the bail-piece was filed, the bail had proceeded to take their principal, in order to make a surrender; but it appearing from the copies of the bail-piece, procured for that purpose, that the bail was not in the action in which he had been arrested, nothing further was done, and the principal was again set at large.

*P. A. Jay*, contra, objected, that this being a recognisance signed by the party, and acknowledged before a judge, could not be altered in this way, any more than a bond or contract.

*Per Curiam.* This amendment cannot be allowed; especially after an attempt of the bail to surrender their principal, and when it might be to their prejudice. There appears also to have been a *laches* on the part of the plaintiffs, in not making the application sooner.