Ex Parte HUNTER.

1. *Refusal of continuance not revisable.*—The refusal of a continuance by a circuit judge, on a hearing before him on a writ of *habeas corpus,* is not revisable in an appellate tribunal.

2. *Practice on hearing under habeas corpus.*—On a hearing under *habeas corpus,* if no evidence is adduced by either party, the return is presumed to be true; and the averments of the petition for the writ, though not denied or controverted by the return, can not be considered as thereby admitted.

In the matter of the petition of Robert S. M. Hunter for the writ of *habeas corpus,* by which he sought to procure his discharge from the custody of James P. Davis, sergeant of the provost-guard at Talladega. The petition was sworn to on the 8th February, 1865, and averred that the petitioner was a native of the State of Georgia, and a resident citizen of Randolph county, Alabama; that he was duly discharged from the military service of the Confederate States, having furnished a substitute who was accepted in his stead; that he was elected a member of the commissioners' court of said county, on the first Monday in August, 1864, and became thereby exempted from military service; and that said Davis claimed to hold him in custody for an alleged "violation of some military law." In his return to the writ, said Davis stated, that he held the petitioner in custody, "as a military prisoner," under the following charges and specifications: "1st, that the said Captain Robert S. M. Hunter, of the first regiment of Alabama cavalry, General Sherman's army of the United States, did, on or about the 13th day of November, 1864, cross the lines of the enemy, into the lines of the Confederate States army, in citizen's apparel, for the purpose of destroying the telegraphic communication of the Confederate States army, and carry information thereof to the commander of the United States forces at Rome, Georgia; and, 2d, that the said Capt. Robert S. M. Hunter was found hiding out, lurk-

ing around, within the lines of the Confederate States army, at or near Wedowee, Randolph county, Alabama, on or about the 16th November, 1864." The case was heard before the Hon. John T. Heflin, judge of the 10th judicial circuit, on the 8th February, 1865. The transcript of the proceedings had on the hearing, as certified by the presiding judge, states that the defendant, "in his return to the writ, having shown that he is a military officer in the service of the Confederate States, and that he holds the said Hunter as a military prisoner, charged with being a spy in the service of the United States government; and the petitioner controverted the return to the writ,—the petitioner asked for a continuance, but his motion was overruled; and no evidence being offered to the court on either side, it is ordered and considered that the said writ be discharged, and that the said Robert S. M. Hunter be, and he is hereby, remanded to the custody of the said James P. Davis, as sergeant of the provost-guard at Talladega." The petitioner now renews his application to this court, and appends to his petition, as an exhibit, a certified copy of the proceedings had before the circuit judge.

L. E. Parsons, for the petitioner, contended, 1st, that the averments of the petition, which were not denied by the return, were thereby admitted to be true; 2d, that the petitioner, not being in the military service of the government, was not subject to trial by the military authorities or tribunals; and, 3d, that, being a resident citizen of the Confederate States, he could not be a spy, though he might be a traitor.

STONE, J.—We think the point which is sought to be presented in this case, is not before us in such form that we can consider it. If the petitioner was, and is, a resident citizen of this State, the record does not inform us that such is the fact, or that any attempt was made in the court below to prove that fact. The petition for *habeas corpus*, it is true, avers such to be the case; but the petition is a mere office paper,—the authority to the court or judge for issuing the writ. Neither the writ of *habeas corpus*, nor the return

to it, makes any allusion to the subject of the petitioner's residence. If there be any rule, (upon which we express no opinion,) that, in construing the return, we can look to and consider the writ of *habeas corpus* in connection therewith, that rule does not authorize us to take into the account the *petition* for *habeas corpus*, and to consider its uncontroverted averments as admitted by the pleadings. There is, then, nothing in this record, which shows that the petitioner was, or was not, a resident of the Confederate States; and we can not presume such to have been the case, in order to place the circuit judge in error. The rule is, to indulge every reasonable intendment in favor of the correctness of that court's proceedings, when they are brought to our notice in the form presented by this record.

Nor are we informed upon what ground the petitioner asked for a continuance. It is not even averred that he sought to prove he was a resident of Alabama, or of the Confederate States. So, even if that attempt would aid him, he has not shown that he denied or expected to prove that he was not a resident of Alabama. But a refusal to grant a continuance is not revisable in Alabama.—*Pl. & M. Bank v. Willis*, 5 Ala. 770.

We must, then, look alone to the return to the *habeas corpus*, in ascertaining the *status* of the petitioner, and the nature of the charge under which he is held in custody. That return, although controvertible under our statute, (Code, § 3732,) is presumed to be true until its truth is disproved, or its effect avoided.—See Hurd on *Habeas Corpus*, 263, *et seq*. Regarding the return to the *habeas corpus* as true, we find nothing in the proceedings before us to authorize us to grant an appellate *habeas corpus*.

We express no opinion on the question which the present application seeks to raise. It was before the supreme court of New York in the case of *Smith v. Shaw*, 12 Johns. 256; but we prefer not to commit ourselves either for or against the correctness of that decision.

*Habeas corpus* refused.