167 So. 740

**MORRIS v. STATE.**

6 Div. 966.

Court of Appeals of Alabama.

April 16, 1936.

James Esdale, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Ernest L. Hargrave, Sol. of Juvenile and Domestic Relations Court, of Birmingham, for the State.

RICE, Judge.

Petitioner (appellant) being detained in custody by the Hon. Fred H. McDuff, sheriff of Jefferson county, applied, in the proper way, to the Hon. Robt. J. Wheeler, one of the circuit judges of the Tenth judicial circuit, for the writ of habeas corpus. Code 1928, §§ 4308, 4310. The same issued; respondent sheriff duly complied (Code 1928, §§ 4321, 4322, 4323); and, upon the hearing, the writ was denied and appellant (petitioner) remanded to the custody of said sheriff. Code 1928, § 4328. This appeal follows: Code 1928, § 3238.

It is well settled that "the writ of habeas corpus * * * cannot be made to answer the purposes of an appeal, certiorari, or writ of error." Ex parte Bizzell, 112 Ala. 210, 21 So. 371, 372.

Equally as well settled is it that the return (of the sheriff, in this case), not being in any wise controverted, is presumed to be true. Ex parte Hunter, 39 Ala. 560.

There was no testimony offered at the hearing in the instant case. Neither could the circuit judge, nor can we, consider the averments of the *petition,* though uncontroverted, as admitted. We must look alone to the return to the habeas corpus, in ascertaining the status of the petitioner, and the nature of the charge under which he is held in custody. Ex parte Hunter, supra.

It appears, then, that waiving to one side any and every other question, there was no denial of petitioner's right to review by appeal or certiorari the judgment about which he complains; nor denial of his right to be admitted to bail pending said review. And, clearly; the matters he wishes adjudicated here could have been just as well advanced to the attention of the court by the appropriate one of those methods. Hence the order appealed from is affirmed.

Affirmed.