The judgment of the Court of Civil Appeals is affirmed.

On Motion for Rehearing.

Rehearing denied.

SMITH, Justice.

On January 6, 1960, this court rendered its opinion in the above case. The opinion contained the following language:

"It should be noted, however, that if the relocated lines are placed on right of way owned by the utility, the cost of acquiring said right of way is not properly attributable to such relocation within the meaning of the Act. If the state should pay this cost, it would be in the position of buying for the utility that which it would be required to take under the power of eminent domain in the event the land where the relocated lines are placed were ever needed for a different and superior public use. This would be an unconstitutional gift for a private purpose, and the statute should, if reasonably possible, be given a construction that will not render it invalid."

On February 16, 1960, the State's motion came on for consideration by the court, and the motion for rehearing was overruled, after the above quoted language had been amended by inserting the words "which will be" between the words "way" and "owned".

Regardless of whether the quoted language before amendment or after amendment is ambiguous, it is my position that the entire holding is dictum, wholly unnecessary to a decision of the issues involved in this case and should be deleted. The question should not have been injected into this case, but should have been left for decision, if properly raised, in some future case.

The opinion should be modified to the extent herein suggested, and the motion for rehearing should be overruled.

HAMILTON, J., joins in this opinion.

Ex parte Alton SHARPE.

No. 31484.

Court of Criminal Appeals of Texas.

Feb. 10, 1960.

is taken; in the absence of which, this court is without jurisdiction of the appeal. Ex parte Saucier, Tex.Cr.R.App., 233 S.W. 2d 147.

The appeal is accordingly dismissed.

Opinion approved by the Court.

Albert Armendariz, Joseph J. Rey, El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

Manuel Sanchez **GONZALEZ, Jr.,** Appellant,

v.

**STATE of Texas,** Appellee.

No. 31325.

Court of Criminal Appeals of Texas.

Feb. 10, 1960.

DICE, Commissioner.

This is a purported appeal by the appellant from an order entered in a habeas corpus proceedings by the judge of the 34th Judicial District Court of El Paso County remanding appellant to custody for extradition to the State of Illinois

The transcript is deficient in that it does not contain a copy of appellant's application for writ of habeas corpus with the officer's return thereon showing by what authority appellant was being held in custody. 21 Tex.Jur. par. 66, pages 489–490.

Furthermore, the record contains no final judgment from which the appeal