### EX PARTE ASENCION ALONZO GALINDO

No. 32,086. June 15, 1960
Appeal Reinstated October 12, 1960

*George Rodriguez,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

This is an extradition case. Appellant purports to appeal after a hearing in a habeas corpus proceedings before the judge of the 34th Judicial District of El Paso County in which he was remanded to custody to be delivered to the agent of the demanding state.

The record contains no final judgment. Therefore this court is without jurisdiction of the appeal. Ex parte Sharpe, 169 Tex. Cr. Rep. 57, 331 S.W. 2d 747; Ex parte Sancier, 233 S.W. 2d 147.

The appeal is dismissed.

Opinion approved by the court.

### ON MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge

Supplemental transcript has been forwarded containing the judgment remanding appellant to custody for extradition and the appeal is reinstated.

The state offered in evidence the warrant of the Governor of Texas, together with the requisition from the Governor of California and supporting papers, from which it is made to ap-

pear the appellant stands charged by indictment in Los Angeles County with sale of narcotics on March 5 and March 14, 1958.

The "mug shot" or photograph accompanying the requisition was shown to be a photograph of the appellant herein.

By bill of exception it is shown that appellant contended that he was not in the State of California in the month of March 1958, but was at that time in Texas.

Appellant did not testify or offer any witnesses, but contends that in view of his claim that he was in Texas at the time of the commission of the offenses in California, the evidence is insufficient to properly identify him.

Records of the Department of Public Safety and of the El Paso Police Department and of the F.B.I. were introduced without objection, none of which support appellant's claim that he was in jail in El Paso at the time of the commission of the offenses in California for which his extradition was sought.

If the issue of appellant's identity or his presence in the demanding state was raised, the trial judge properly resolved the issue against appellant.

The judgment is affirmed.