149 So.2d 779

**Harold D. BRADLEY**

v.

**STATE of Alabama.**

**6 Div. 857.**

Supreme Court of Alabama.

July 26, 1962.

Rehearing Denied Feb. 21, 1963.

Hawkins & Rhea, Gadsden, Corretti & Newson and Beddow, Embry & Beddow, Birmingham, for appellant.

Bishop & Morris, Birmingham, for Bowman Transportation Co.

LAWSON, Justice.

Harold D. Bradley appealed to this court from a judgment denying his discharge in a habeas corpus proceeding. § 369, Title 15, Code 1940.

The transcript of the record is deficient in that it does not contain a copy of the Sheriff's return to the writ of habeas corpus.

In Pendry v. Shows, 87 Ala. 339, 6 So. 341, there was an appeal to this court from a judgment rendered in a habeas corpus proceeding in the probate court of Crenshaw County. All of the pleadings, process, execution of the same, and the rulings on the pleadings were shown in the bill of exceptions but not in the record. In affirming the judgment below without consideration of the questions argued for reversal, this court said, in part:

"* * * We repeat, neither the petition for *habeas corpus,* the writ, the sheriff's return, the pleadings, nor the rulings on them is shown anywhere else than in the bill of exceptions. Without these record facts before us, there is nothing we can review. Our uniform ruling has been that when matters which are properly the record of the suit, and which constitute the record in the court below, are brought before us only in the bill of exceptions, we will disregard them *ex mero motu.* * * *"

The fact that a judgment entry shows that there was a return made by the Sheriff to the writ of habeas corpus served upon him does not suffice. The appellate courts of this state have held that on appeal in habeas corpus cases: "We must, then, look alone to the return to the habeas corpus, in ascertaining the status of the petitioner, and the nature of the charge under which he is held in custody." Ex parte Hunter, 39 Ala. 560; Morris v. State, 27 Ala.App. 165, 167 So. 740.

We are bound by the record and cannot consider statements in brief which are not supported by the record. Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376, and cases cited.

In State v. Miller, 16 N.J.Super. 251, 84 A.2d 459, 461, cert. denied, 342 U.S. 934, 72 S.Ct. 379, 96 L.Ed. 695, it was said:

"While we treat a prisoner's appeal in a *habeas corpus* proceeding with liberality and, as far as feasible, overlook technical defects, the appeal must be determined on the relevant record before this court. Therefore, the factual allegations contained in the briefs which are not supported by the record must be disregarded in the determination of this appeal."

**506**

In Ex parte Sharpe (Court of Crim.Appeal of Tex.), 331 S.W.2d 747, it was held that the transcript presented to the appellate court was deficient in that it did not contain a copy of appellant's application for writ of habeas corpus with the officer's return thereon showing by what authority appellant was being held in custody.

■ In view of the absence in the record of the Sheriff's return to the writ of habeas corpus, we are constrained to hold that the record shows no available error in the trial court's rulings. Pendry v. Shows, supra.

■ At the time of submission of the appeal, Bradley filed in this court an original petition for writ of habeas corpus. We see no occasion for the issuance of the writ of habeas corpus out of this court. Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261; Ex parte Thomas, 270 Ala. 411, 118 So.2d 738; Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162. Bradley could have presented for our review the matters which were before the trial judge by filing here a correct record showing all of the proceedings before him. A new case cannot be made in this court by the filing of an original petition for writ of habeas corpus. Deficiencies in the case presented to the inferior jurisdiction, if any there be, cannot be supplied in that manner. Ex parte Winnagle, supra.

Since the submission of this appeal, Bradley has been released on bond in compliance with an order of this court pending a decision of this case and another case which has been appealed to this court. The affirmance of the judgment of the trial court in this proceeding does not affect Bradley's right to remain out on bond in view of the pendency of the other case.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.