192 So.2d 251

John W. HERRMANN

v.

James J. ROBINSON, Chief of Police.

I Div. 151.

Court of Appeals of Alabama.

Nov. 1, 1966.

Thos. M. Haas, Mobile, for appellant.

Ralph O. Howard, Mobile, Richmond M. Flowers, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for appellee.

CATES, Judge.

This appeal from the denial of habeas corpus was submitted August 18, 1966.

On March 18, 1966, on petition of Herrmann, the Honorable Dan T. McCall, Jr., Circuit Judge, caused the writ to issue. The command was addressed to the appellee as Chief of Police of the City of Mobile, or, alternatively, to the Sheriff of Mobile County to examine the cause of Herrmann's detention. The writ was returnable at 2:00 P.M. of that day.

The Chief of Police accepted service of "notice of the filing" of the petition and of a copy thereof.

Hon. Ralph O. Howard appeared as attorney for the city. No return of service on the sheriff appears nor is there any waiver or acceptance which would legally operate in lieu thereof.

The court reporter noted Mr. Howard's appearance as Assistant Solicitor for the State and as Solicitor for the City.

Neither the Chief of Police nor the Sheriff made formal returns to this command.

■ The entry of the judgment from which this appeal is taken shows only the appearance of the city and the petitioner. We hold the Sheriff was not brought to court and was not required to respond to the writ.

■ The trial judge ruled the burden was on Herrmann to show the illegality of his detention by proving his petition. This was, strictly, irregular. Bradley v. State, 274 Ala. 504, 149 So.2d 779.

■ The writ issues as of course on an allegation of detention. The custodian does not reply to the petition, rather he makes return to the writ.

A great part of the record is taken up with the examination of the petitioner. Finally, however, the city attorney put the Clerk of the Recorder's Court of Mobile on the stand.

Through this functionary's testimony, the following came into evidence:

*"RESPONDENT'S EXHIBIT NO. 6*

"8092 6–269 MITTIMUS FOR JAIL SENTENCE

No notice of Appeal given

"The State of Alabama,
 City and County of Mobile ⎰

"To the Sheriff of Mobile County, Alabama:

"On the 18 day of March, 1966, the defendant John W. Herrmann was arraigned and tried before me, C. S. White-Spunner, Jr., Recorder of the City of Mobile and Ex-Officio Justice of the Peace in and for said City, on the charge of Title 14, Section 159 and was adjudged guilty of said offense; and the judgment of the court being that the said defendant be imprisoned in the County Jail for the term of 60 days at hard labor.

"YOU ARE THEREFORE HEREBY COMMANDED to receive said defendant and imprison him in the County Jail for said term of 60 days at hard labor.

"Witness my hand this the 18 day of March, 1966.

/S/ C. S. White-Spunner, Jr.
 Recorder of the City of Mobile,
 Alabama"

We judicially know that the Recorder of Mobile is ex officio a justice of the peace. Code 1940, T. 37, § 585. Title 13, § 417, lists offenses for which justices have jurisdiction to punish. The offense denounced in T. 14, § 159, is not set out in § 417.

Also we judicially know that under T. 37, § 594, the Recorder in addition to his powers under § 585 has jurisdiction of all misdemeanors within the city's police jurisdiction and city proper. Hence, we treat the language "ex officio," etc., as mere descriptive of the appendage of his office. It in no wise derogates from the authority conferred by § 594, supra.

Had the Sheriff brought Herrmann into court under precept (Code 1940, T. 15, §§ 14 and 21) his detention of him would be justified by the mittimus above quoted, Respondent's Exhibit 6.

Respondent's Exhibit 5 shows that Herrmann was arrested February 21, 1966, for breach of T. 14, § 159, and on the same day for "3–8" which Exhibit 3 describes as making it an offense to fail "to heed siren on a vehicle driven by authorized police personnel."

■ Under Sherrod v. State, 197 Ala. 286, 72 So. 540, we are unable to determine whether or not Herrmann was first taken for a misdemeanor or an ordinance violation.

However, bench notes of ordinance cases came in evidence as Exhibit 5. This showed offenses noted as "22–3," "36–12," and "3–8" with respective sentences; "100–90–S & C. plus suspension of driver's license for period of 1 year"; "25–25" and "100–90–S & C."

■ The City of Mobile has a population of over 200,000 according to the 1960 Federal census (Michie's 1958 Code, Vol. 14A, p. 1070). Thus Act 193, approved June 18, 1943 (Michie's 1958 Code, T. 7, § 429(1)), requires us to notice ordinances of Mobile without proof thereof being made in a trial.

The City Clerk has recently furnished the Supreme Court Library with a set of the City's codified by-laws adopted February 15, 1966, effective April 1, 1966. The charges against Herrmann antedate this City Code. Thus, since the briefs do not explain the cryptic references "22–3," "36–12," and "3–8" we have no way, even under the most imaginative search, of knowing for how long, if for any period, the City wants to jail the appellant.

We can surmise the substance of offenses because Herrmann after arrest made demand for a formal complaint. These documents give the offense in conclusory terms.

The purported sentences, e. g., "100–90–S & C" could mean $100 fine and 90 days or 100 days and $90 fine. Merriam's, Webster's International Dictionary (2d Ed.), gives "S. and C." as an abbreviation for "shipper and carrier" or of paper—"sized and calendared."

The trial judge orally remanded Herrmann to the custody of the Chief of Police. The judgment entry dated March 23, 1966, merely shows that the petition was denied.

Habeas corpus is not an alternative to an appeal and is to review a claim of an excess of jurisdiction. City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279.

Since one proceeding is not a bar or res judicata of another (Gurley v. State, 42 Ala.App. 551, 171 So.2d 461), we strictly construe Code 1940, T. 15, § 369, subsection (d), which gives the appellant thirty days from judgment to get the record here.

We note the following cases: McTyre v. State, 258 Ala. 637, 64 So.2d 601; Glenn v. Glenn, 21 Ala.App. 148, 106 So. 226; Cross v. Willis, 28 Ala.App. 271, 182 So. 480; Downs v. Norris, 32 Ala.App. 381, 26 So.2d 418; Thomas v. State, 34 Ala.App. 160, 37 So.2d 245; State v. Patton, 36 Ala.

App. 539, 60 So.2d 383; Day v. State, 41 Ala.App. 439, 134 So.2d 433.

Here the trial judge extended the time for filing the transcript of the evidence for an additional thirty days from April 20, 1966. This was within the holding of Williams v. State, 41 Ala.App. 184, 130 So.2d 351. Original judgment was rendered March 23, 1966.

Nevertheless, though the court reporter filed the evidence with the circuit clerk on May 11, 1966, the entire record was not filed here until June 2, 1966, some twelve days past the extended deadline.

However, the appellee has not moved to dismiss. We consider there is no precedent for this court doing so on its own motion.

"§ 137. Generally.—A writ of habeas corpus requires a return by the officer or other person having the custody of the prisoner. Such return is a response to the writ itself and not an answer to the petition, and a respondent is not required to make any issue on the petition for the writ, but simply to answer the writ. Although a return is not conclusive of the facts therein stated, the allegations thereof are taken as true until impeached, and evidence is not needed to support a return which is not controverted, at least where the return is verified."—25 Am.Jur., Habeas Corpus, § 137.

Code 1940, T. 15, § 18, prescribes the following as to the requisites of the return to the writ:

"§ 18. The return must be signed by the person making it, and be verified by his oath, unless he is a sworn public officer, and makes the return in his official capacity; and it must state, plainly and unequivocally, whether or not he has the party in his custody or power, or under his restraint, if so, by what authority, and

the cause thereof, setting out the same fully, together with a copy of the writ, warrant, or other written authority, if any; and if he has had the party in his custody or power, or under his restraint, at any time before or after the date of the writ, but has transferred such custody or restraint to another, to whom, at what time, for what cause, and by what authority such transfer was made."

Where the body of the detained person is produced by virtue of a "precept" "directed to any sheriff or constable of the state, commanding [such sheriff or constable] to have the body * * * before the officer before whom the writ is returnable," Code 1940, T. 15, § 21, provides in such case:

"§ 21. If the party is brought before the court or judge, by virtue of a precept issued under the provisions of section 14 of this title, the case must be heard and determined as if he had been produced in return to the writ."

Constitution 1901, § 168, refers to constables who are elected. See also Code 1940, T. 54, §§ 28–37. Woods v. Wood, 219 Ala. 523, 122 So. 835. Mobile's Chief of Police is an appointive official. Code 1940, T. 62, § 461.

▮ Section 21, supra, creates an exception to the rigor of a statute designed to help ascertain the lawfulness of a person's detention. We consider this exception should be given a strict construction and accordingly hold that "constable" as used in § 21 refers to the officer mentioned in § 168, supra, and does not embrace a chief of police of a municipal corporation,[1] the City of Mobile. See Bray v. State, 140 Ala. 172, 37 So. 250.

▮ The return not having been made, the cause was not at issue. In Morris v.

State, 27 Ala.App. 165, 167 So. 740, we find:

" * * * We must look alone to the return to the habeas corpus, in ascertaining the status of the petitioner, and the nature of the charge under which he is held in custody. Ex parte Hunter [39 Ala. 560].

And, we quote from Lawson, J., in Bradley v. State, 274 Ala. 504, 149 So.2d 779:

"The transcript of the record is deficient in that it does not contain a copy of the Sheriff's return to the writ of habeas corpus.

* * * * * *

"The fact that a judgment entry shows that there was a return made by the Sheriff to the writ of habeas corpus served upon him does not suffice. The appellate courts of this state have held that on appeal in habeas corpus cases: 'We must, then, look alone to the return to the habeas corpus, in ascertaining the status of the petitioner, and the nature of the charge under which he is held in custody.' Ex parte Hunter, 39 Ala. 560; Morris v. State, 27 Ala.App. 165, 167 So. 740."

▮ If Herrmann was out on bail, the Chief of Police should have stated so in his return. In Palmer v. State, 170 Ala. 102, 54 So. 271, the Chancellor's refusal to issue the writ to the circuit clerk was affirmed. We cannot go outside the record before us. Morris v. State, supra.

In Hurd on Habeas Corpus (2d Ed.), Book II, Ch. III, p. 243, discussing evasive returns, the author states:

"It was formerly held that the return should show that the defendant had not the party in his possession, custody or power, not only at the time of the return,

---

1. This notwithstanding the reference in Campbell v. City Council of Montgomery, 53 Ala. 527, at 531, as to policemen being ex officio constables.

[248 but also at the time of granting the writ. 'Habeas corpus are always returned in the preterperfect tense.' Upon a pluries habeas corpus, the return was, 'I have no such person in my custody, nor had I on the day of the obtaining of this writ, nor at any time since.' The return was held bad, for it did not appear that he had not the custody on the day of the obtaining of the first writ.

"There is no doubt that it ought to show at least that he had not the person in his 'possession, custody or power,' at the time of the service of the writ or at any time after. In the case of The State v. Philpot, [Dudley Geo. Rep. 46] this point was fully discussed. * * *"

Demand (R. 16) was made by petitioner. In Ex parte Batchelor, 42 Ala.App. 2, 149 So.2d 923, we said:

"No return was made to the writ. A certified transcript of the contempt proceedings in the court below is attached to the petition. '* * * although the courts are empowered to enforce obedience to the writ and require a return, they may proceed in a summary way to determine the cause on a verified and undenied petition; the failure to make a formal return will not invalidate a hearing on the merits, where no objection to the lack of a return was made, and want of a return will not impair the judgment rendered.' 39 C.J.S. Habeas Corpus § 88, p. 652."

 Nor can we supply by hindsight from the evidence that the petitioner ab initio was not entitled to the benefit of the writ so as to say that it was improvidently granted. We distinguish State ex rel. Attorney General v. Speake, 187 Ala. 426, 65 So. 840.

The judgment below is reversed and the cause remanded there for further proceedings.

Reversed and remanded.