200 So.2d 504

**Johnny GRAY, Jr.**

v.

**STATE.**

**3 Div. 247.**

Court of Appeals of Alabama.

April 11, 1967.

Rehearing Denied May 2, 1967.

Joe B. Thompson, Jr., Brewton, for petitioner.

MacDonald Gallion, Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, Johnny Gray, Jr., was convicted of rape in the Circuit Court of Jefferson County and sentenced to ten years in the penitentiary. Questions of law were reserved on the trial by defendant and it was made known to the court that the defendant desired to take an appeal to this court. Judgment was rendered against the defendant and bond was allowed, but execution of sentence was not suspended pending the appeal, as required by Title 15, Section 372, Code of Alabama of 1940. (Gray v. State of Alabama, post p. 12, 200 So. 2d 514.

Thereafter the defendant presented a petition to the Circuit Court of Escambia

County, setting forth the facts of his trial, conviction and his appeal to the court of appeals, where the case was then pending; that petitioner did not waive the benefit of the suspended sentence, as provided by Section 373 of Title 15, Code supra; but that he was confined and imprisoned at the Alabama State Prison farm at Atmore by direction of the Director of the Alabama Board of Corrections; that his removal from the Jefferson County Jail prevented his securing sureties for his appeal bond.

Wherefore, he prayed for the issuance of the writ of habeas corpus to A. F. Lee, Director, Alabama Board of Corrections, directing him to release petitioner forthwith from illegal confinement and imprisonment in the state penitentiary.

The writ was not issued. There could, of course, be no return when the writ had not issued. The district attorney filed a motion to dismiss the petition on the grounds that the allegations of the said petition had been adjudicated by the court and that such allegations were insufficient to show that the *matters alleged would have prevented the rendition of judgment.*

The hearing was on the petition and on the motion. The petition was denied.

In Herrman v. Robinson, Ala.App., 192 So.2d 251,[1] Judge Cates, speaking for this court, pointed out the "writ issues as of course on an allegation of detention," (unless, of course, it appears from the petition or the documents attached thereto that he is not entitled to the benefit of the writ. Section 8, Title 15, Code 1940) and that until a return is made to the writ the cause is not at issue.

In White v. State, 134 Ala. 197, 32 So. 320, there was no order suspending execution of the sentence and defendant remained in the county jail. He filed petition for writ of habeas corpus. The Supreme Court held that he was not entitled to be discharged absolutely because of his unlawful detention by the sheriff, but that his right was to be discharged from that custody and committed to the custody of prison officials, and entered an order directing the sheriff to immediately deliver him into such custody.

This court has this day reversed the judgment of conviction for rape, in the case of Johnny Gray, Jr. v. State of Alabama, Ala. App., 200 So.2d 514 [2] and remanded the cause to the Jefferson County Circuit Court. Upon reversal of the judgment of conviction the law provides that defendant be removed from the penitentiary back to the county of trial. White v. State, supra.

In the absence of a return to a writ, we have no way of ascertaining the status of the petitioner, or the nature of the charge under which he is held in custody. Bradley v. State, 274 Ala. 504, 194 So.2d 779. Therefore, we cannot enter an order such as was done in the White case, supra.

The judgment below is reversed and the cause remanded for further proceedings under Hermann v. Robinson, supra.

Reversed and remanded.