222 So.2d 351

Kelly CRAYTON

v.

STATE of Alabama and David Sandlin, Sheriff of Morgan County.

8 Div. 332.

Supreme Court of Alabama.

May 1, 1969.

Mike Moebes, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Morgan County, Alabama, denying a petition for habeas corpus.

Appellant (hereinafter referred to as petitioner) filed a petition for writ of habeas corpus in the Circuit Court of Morgan County, alleging, in substance, the following:

(1) That petitioner was convicted in the Circuit Court of Lawrence County, in 1948, of the offense of burglary;

(2) That petitioner was sentenced to 20 years' imprisonment in the state penitentiary;

(3) That petitioner had served his 20-year sentence in full prior to his filing the writ; and

(4) That petitioner was, therefore, due to be released from custody, but that the Sheriff of Morgan County was wrongfully holding him.

The sheriff's return showed, in substance, the following:

(1) That the sheriff had petitioner in custody;

(2) That petitioner was being held under and by virtue of an order of the Circuit Court of Morgan County sentencing him to 18 months in the state penitentiary for the offense of grand larceny;

(3) That an indictment was returned by the Grand Jury of Morgan County charging petitioner with grand larceny;

(4) That on May 30, 1968, petitioner was adjudged indigent and counsel appointed to defend him;

(5) That petitioner was arraigned on May 31, 1968 in open court and by counsel pleaded not guilty;

(6) That trial of the cause was set and continued for June 25, 1968;

(7) That on June 25, 1968, petitioner was tried before a jury of his peers and found guilty as charged in the indictment;

(8) That on June 25, 1968, petitioner was adjudged guilty and because of his application for probation, the court ordered sentencing be deferred pending a probation hearing;

(9) That on August 19, 1968, petitioner was sentenced to 18 months' imprisonment as punishment for the said offense and probation was, on hearing, denied.

At the hearing on the petition for habeas corpus, the evidence showed petitioner to be a convict in custody of the Department of Corrections for the State of Alabama, serving a 20-year sentence for burglary; that petitioner had been given parole but had violated the conditions thereunder, and had been returned to prison; that petitioner escaped from prison on a number of occasions but was each time recaptured and returned; that on one occasion while petitioner was on escape status from the pen-

itentiary, he was serving a prison sentence in the State of New York.

No evidence was introduced attacking either the judgment of the Circuit Court of Lawrence County, which had convicted and sentenced petitioner to 20 years in 1948 for the offense of burglary, or attacking the more recent judgment of conviction on the charge of grand larceny and sentence of 18 months by the Circuit Court of Morgan County, nor was there any evidence admitted purporting to substantiate petitioner's claim that his 20-year sentence from Lawrence County had run its full course.

In view of the fact that the petitioner's sole ground for habeas corpus is the allegation that his 20-year sentence has expired, run its full term, without offering any evidence to substantiate the claim, leads us to conclude that the lower court did not err in denying the petition. In Phillips v. State, 40 Ala.App. 698, 122 So.2d 551, the presiding Judge, Harwood, stated:

"The writ of habeas corpus is a high prerogative writ of ancient origin designed to obtain immediate relief and release from unlawful imprisonment. Where a petitioner for the writ is held under another unsatisfied sentence the petition will be dismissed, for the issue of a writ of habeas corpus and hearing thereon would be a futile and fruitless act because, by virtue of the prior unsatisfied sentence, the petitioner cannot be considered unlawfully detained and could not rightfully be enlarged." (Authorities cited.)

When the above excerpt is considered in light of the fact that the burden of proof is on the petitioner to prove the allegations in his petition, Herrmann v. Robinson, 43 Ala.App. 442, 192 So.2d 251, and that the allegations of a return in a habeas corpus case which are not traversed must, under prerogative writ practice be taken as true, Aaron v. State, 43 Ala.App.

450, 192 So.2d 456, we are compelled to affirm the lower court's ruling.

Affirmed.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.