JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, N.B. Willis, Jr., filed a petition for a writ of habeas corpus in the Circuit Court of Washington County, Alabama, on May 20,1982. This appeal to this Court is from a judgment denying appellant’s discharge in the habeas corpus proceedings.
Code Of Alabama, 1975, Title 15-21-17 provides:
“When return to be made; form and contents of return.
“(a) After due service thereof, the person to whom a writ of habeas corpus is, directed must [emphasis supplied] make his return on the day therein specified if practicable; and, if no day is specified therein and the place to which the return is to be made is not more than 30 miles from the place where the party is imprisoned or detained, the return must be made within two days after service, but if more than 30 and less than 100 miles, within five days, and if over 100 miles, within eight days after service.
“(b) The return must [emphasis supplied] be signed by the person making it and be verified by his oath, unless he is a sworn public officer and makes the return in his official capacity, and it must state, plainly and unequivocally whether or not he has the party in his custody or *1364 power or under his restraint and, if so, by what authority and the cause thereof, setting out the same fully, together with a copy of the writ, warrant or other written authority, if any; and, if he has had the party in his custody or power or under his restraint at any time before or after the date of the writ but has transferred such custody or restraint to another, the return must [emphasis supplied] state to whom, at what time, for what cause and by what authority such transfer was made.”
We have searched the entire record in this case and do not find a copy of a return, or any indication from the other papers in the record that a return of any kind was ever made in the habeas corpus proceedings.
The trial court, in the absence of a return to the writ, has no way to determine the status of the appellant or the nature of the charge against him under which he is being held.
We hold that in the absence of a return to the writ of habeas corpus the record shows no error in the trial court’s ruling. Code of Alabama, 1975, Sec. 15-21-17; Bradley v. State, 274 Ala. 504, 149 So.2d 779; Pendry v. Shows, 87 Ala. 339, 6 So. 341.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur, except DeCARLO, J., who concurs in the result.