**DISMISSED and Opinion Filed May 9, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01044-CR**

**EX PARTE JUSTIN LEE PARKER**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX21-92818-Q**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

Justin Lee Parker appeals a Dallas County magistrate's adverse decision on his application for writ of habeas corpus challenging his extradition to the State of Alabama. Concluding we lack jurisdiction, we dismiss the appeal.

The trial court may refer to a magistrate a habeas proceeding challenging an extradition. *See* TEX. GOV'T CODE ANN. § 54.306(a)(8); *Ex parte Allen*, 699 S.W.2d 886, 888 (Tex. App.—Dallas 1985, no pet.). After a referral, the magistrate acts as the agent of the trial court. *See Kelly v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). The magistrate's findings, conclusions, and recommendations are not legally binding until they are adopted by the referring court. *See id.*

The record in this appeal shows a magistrate conducted a hearing on appellant's writ application on November 9, 2021. The Governor's warrant authorizing appellant's extradition was admitted into evidence. Although the magistrate orally denied relief on the writ application and made a docket entry reflecting the decision, nothing in the record shows the magistrate prepared findings and recommendations for the trial court to approve or entered any written orders. The record does not show the trial court signed a written order approving the magistrate's oral determination to deny relief on appellant's writ application.

A habeas applicant may file a notice of appeal to challenge an adverse decision on an application for writ of habeas corpus after the trial court enters a written, appealable order. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a), 31; *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed); *see also Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.) (defendant may appeal only final judgment or appealable order). A docket entry is not an appealable order and does not confer jurisdiction for appellate review. *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.).

Without an appealable order signed by the trial court, this Court has no jurisdiction over the appeal. *Ex parte Galindo*, 338 S.W.2d 954, 955 (Tex. Crim. App. 1960); *see also State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding court of appeals has no jurisdiction over State's appeal until there

is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining trial court has not entered order justifying appeal until written order is signed); *Ex parte Maldonado*, No. 11-19-00019-CR, 2019 WL 614293, at *1 (Tex. App.—Eastland Feb. 14, 2019, no pet.) (mem. op., not designated for publication) (appellate court's jurisdiction in extradition proceedings limited to considering appeal from denial of relief on application for writ of habeas corpus).

Moreover, even if the trial court signs a written order approving the magistrate's actions and denying relief on appellant's application for writ of habeas corpus, appellant's complaint is moot. Appellant contends he should be discharged because he was held under a fugitive warrant for more than the ninety days allowed by statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 51.05, 51.07  (providing for up to ninety days of detention under a fugitive warrant and requiring discharge of fugitive not arrested under Governor's warrant before ninety days expires).

The State concedes appellant was held more than 90 days in violation of article 51.05. However, the Governor's warrant was admitted into evidence during the magistrate's hearing. The issuance of the Governor's warrant renders moot any complaints about confinement under a fugitive warrant. *See Ex parte Worden*, 502 S.W.2d 803, 804 (Tex. Crim. App. 1973); *Ex parte Parra*, 527 S.W.3d 681, 685 (Tex. App.—El Paso 2017, no pet.); *see also Ex parte Thomas*, No. 05-02-00517-CR, 2002 WL 862554, at *1 (Tex. App.—Dallas May 7, 2002, pet. ref'd) (not

designated for publication) (issuance of Governor's warrant renders moot any complaint arising from confinement under fugitive warrant including detention in excess of statutory period). Thus, even if appellant was able to obtain a written order and establish jurisdiction, this matter is moot. *See Worden*, 502 S.W.2d at 804.

Finding no basis for this Court to exercise jurisdiction, we dismiss this appeal.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
211044F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EX PARTE JUSTIN LEE PARKER

No. 05-21-01044-CR

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX21-92818-Q.
Opinion delivered by Justice Reichek. Justices Partida-Kipness and Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered May 9, 2022