# Ross *v*. The State.

*Indictment for Larceny, and Receiving Stolen Goods.*

1. *Amendment of indictment.*—An indictment for larceny, or for receiving stolen goods, may be amended, with the consent of the defendant, in the averment of the christian name of the person to whom the goods belonged (Rev. Code, § 4143); and the fact that the defendant objected to the amendment, and only consented to it to avoid being bound over to answer a new indictment at the next term, does not render the allowance of the amendment in proper.

2. *Limitation and commencement of prosecution.*—A warrant of arrest, issued and returned by a proper officer, is the commencement of a criminal prosecution (Rev. Code, § 3954) within the meaning of the statute of limitations.

FROM the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

The indictment in this case was found at the November term of said court, 1876, and contained two counts; the first charging larceny, and the second the receiving of stolen goods knowing them to have been stolen. In each count, the goods were described as the personal property of *R. G. Williamson.* On the trial, as the bill of exceptions shows, the defendant having pleaded not guilty, "the State asked leave to amend the indictment, by alleging in each count that the property belonged to *J. E. Williamson ;* to which the defendant refused to consent. The court then announced, that the State would be allowed to dismiss the present prosecution, and the defendant would be bound over to answer another indictment, to be preferred at the next term of the court. The defendant objected to the ruling of the court, and excepted to the overruling of his objection; and then, reserving his said objection and exception, consented, in lieu of going to jail in default of bond, that said amendment might be made; which was accordingly done."

"The court charged the jury, among other things, that in a case of petit larceny, if a warrant for the arrest of the defendant was issued and returned by a proper officer, within twelve months after the commission of the offense, then the statute of limitations of twelve months would be no bar. To this charge the defendant excepted."

H. C. LINDSEY, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The Circuit Court did not err in allowing the amendment of the indictment, so as to set forth the correct name and description of the person, whose property was alleged to have been stolen.—Revised Code, § 4143; *Martha v. The State*, 26 Ala. 72.

2. The court did not err in the charge given.—Revised Code, § 3954; *Foster v. The State*, 38 Ala. 428.

The judgment is affirmed.