# Reynolds *v.* The State.

### *Indictment for Larceny.*

1. *Nolle-prosequi on account of variance; amendment of indictment by consent.*—When a variance between the allegations of the indictment and the proof is developed on the trial, the court may order a dismissal of the prosecution, in order that another indictment may be preferred, unless the defendant consents to an amendment of the indictment (Code, §§ 4389–90); and if he consents, he can not claim that he was entitled to an acquittal, though the judgment-entry recites that he refused to consent until after the court had ordered a dismissal of the prosecution; the entry being construed to mean, that he refused to consent to an amendment until after the court had intimated an intention to allow a dismissal with a view to another indictment being found.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, Cedar Reynolds, was indicted, tried and convicted for the larceny of certain described money. The only exception reserved by the defendant was to the ruling of the lower court in allowing the solicitor to dismiss the case by a *nolle-prosequi*, and to hold the defendant to await the action of the next grand jury, unless the defendant would consent to an amendment of the indictment, so as to correct a variance between the allegations of the indictment and the proof, as adduced on the trial. This ruling, together with the

other necessary facts, are sufficiently shown in the opinion of this court.

JOE CALLAWAY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The indictment in this case, as returned by the grand jury a "true bill," charged that the defendant "feloniously took and carried away three dollar United States treasury-notes, or National Bank bills, or United States gold certificates, or United States silver certificates." Under our statute—Code of 1886, § 4385—this disjunctive form of averment is sufficient; and if the proof sustains the averment in either of its alternative forms, a conviction may rightfully be had.—*Wooster's case*, 55 Ala. 217.

Our statutes further provide, that "An indictment may be amended with the consent of the defendant, when the name of the defendant is incorrectly stated, or when any person, property or matter therein stated is incorrectly described." Code, § 4389. "If the defendant will not consent to such amendment, the prosecution may be dismissed at any time before the jury retires, as to the count in the indictment to which the variance applies; and the court may order another indictment to be preferred at the same, or a subsequent term, in which case an entry of record must be made," &c.—Code, § 4390.

The indictment in this case charges not only the stealing of three dollar bills. It goes further, and charges in the same count the larceny of two five dollar bills, described in other respects as the three dollar bills were described. The testimony did not tend to show that any one dollar bills had been stolen, but showed that three ten and two five dollar bills had been stolen. In other respects, the proof corresponded with the charge made in the indictment.

At this stage of the trial, the solicitor moved the court for leave to enter a *nolle-prosequi*, and to place the defendant under bond to appear and answer to another indictment to be preferred, unless the defendant would consent to amendment of the indictment, so as to make it correspond with the proof. This was before the jury retired. We now quote from the bill of exceptions : "The defendant refused to consent to an amendment of the indictment, and moved the court to proceed with the trial. The court overruled this motion of defendant, and the defendant excepted. The court then ordered prosecution dismissed, and another indictment to be found. The defendant thereupon moved the court to discharge him from custody..

This motion being overruled, the defendant excepted to the action of the court. The defendant then consented to the amendment of the indictment, as proposed by the solicitor. This being done, the trial proceeded, and the defendant was found guilty."

There is verbal inaccuracy in the foregoing quotation, manifest on its face. If the prosecution was in fact dismissed, then it was at an end, and the jury discharged. And, as a consequence, that trial could not progress, but must commence anew, and, for aught that we can perceive, before another jury. Yet, as matter of fact, the trial progressed, and resulted in a verdict of guilty. While a cause is progressing, every thing is *in fieri* until some definitive action is taken by the court. It is manifest that the jury which had heard the testimony, continued in charge of the case, and rendered the verdict. We feel bound to hold, as the legal effect of what was done, that the defendant declined to consent to the amendment, until the court announced the intention to permit a *nolle-prosequi* to be entered, and to hold the defendant in custody, or under bond, until another indictment could be preferred; that upon this announcement the defendant preferred to agree to an amendment of the indictment, and that the trial should progress. This was accordingly done.

If there was anything in defendant's point, it was this: He had been put on trial upon an indictment which charged a crime known to the law; the case was submitted to a jury, and he was thereby put in jeopardy; the case being before the jury, it could not be taken from them, except by the jury's failure to agree on a verdict during a term of the court, by the consent of the accused, or, for a variance between the allegations and the proof, under section 4390 of the Code of 1886. Except upon one of these categories, the defendant was clearly entitled to have the jury render its verdict; and if this right was denied him, and the jury discharged except in one of the categories stated, such discharge would be equivalent to an acquittal, and would be pleadable in bar of further prosecution.—*McGehee v. State*, 58 Ala. 360. The defendant, however, lost that defense, if he had it, by consenting to the amendment.—*Ross' case*, 55 Ala. 177; *Martha's case*, 26 Ala. 72.

It would seem, however, that there is nothing in the point sought to be raised. The indictment contains but a single count, the misdescription is found in that count, and to *nol.-pros.* that single count would necessarily leave nothing on which to proceed with the trial. We are unable to perceive the case was not brought directly within the statute.

Affirmed.