(111 So. 204)

## RICHARDSON v. STATE. (1 Div. 427.)

(Supreme Court of Alabama. Dec. 2, 1926.)

**1. Indictment and information ⬛176—Only offenses committed before beginning of prosecution and within limitation period are included in criminal prosecution.**

Criminal prosecution covers offenses only which were committed before prosecution was begun and within statutory period of limitation.

**2. Criminal law ⬛335—State had burden of proving time of commission of offense and of beginning of prosecution.**

In criminal prosecution, burden is on state to prove time of commission of offense and time when prosecution was begun.

**3. Criminal law ⬛565—Evidence held to show that violating prohibition law was not barred when prosecution was begun.**

In prosecution for violating prohibition law, evidence showing that offense was committed, if at all, some three months before trial on appeal in circuit court, *held* sufficient to show that offense was not barred when prosecution was begun in county court.

---

**4. Criminal law ⬡⟞400(2)—Affidavit instituting prosecution, or certified transcript thereof, held best evidence on whether offense charged was committed before prosecution was begun (Code 1923, § 3839).**

Affidavit instituting criminal prosecution in county court, or certified transcript thereof, sent up under Code 1923, § 3839, *held* best evidence on whether offense given in evidence was committed before prosecution was begun in county court.

**5. Criminal law ⬡⟞157—As to limitations, prosecution is begun by issuance of warrant (Code 1923, § 4934).**

Prosecution is begun by issuance of warrant under Code 1923, § 4934, to suspend running of statute of limitation.

**6. Criminal law ⬡⟞346—Admission, in county court in prosecution on liquor charge, of affidavit limited to showing of when prosecution was begun held not error.**

In prosecution for violating prohibition law, admission, in county court instituting prosecution, of affidavit for limited purpose of showing time when prosecution was begun, *held* not error.

Certiorari to Court of Appeals.

Paul Richardson was convicted of a violation of the prohibition law, and appealed to the Court of Appeals. The judgment of conviction being there reversed, the State brings this petition for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in Paul Richardson v. State, 21 Ala. App. 639, 111 So. 202. Writ granted. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The affidavit was admissible in evidence for the purpose of showing the time the offense was committed, the time the prosecution was begun, and that same was begun within twelve months after commission of the offense. Wynne v. State, 155 Ala. 99, 46 So. 459; Thomas v. State, 19 Ala. App. 187, 96 So. 182; Ex parte Thomas, 209 Ala. 289, 96 So. 184.

Hybart & Hare, of Monroeville, opposed.

Brief of counsel did not reach the Reporter.

BOULDIN, J. [1, 2] A criminal prosecution covers offenses only which were committed before prosecution begun and within the statutory period of limitation. Two questions of time are involved: (a) When was the offense committed? (b) When was the prosecution begun? The burden is on the state as to both.

[3] The witnesses fix the time of the offense in their testimony. Where, as here, the evidence shows without conflict the offense was committed, if at all, some three months before the trial on appeal in the circuit court, this is sufficient to show the offense was not barred when the prosecution was begun in the county court.

[4] But it does not go to the point that the offense given in evidence was committed before the prosecution was begun in the county court. Of this fact, the affidavit instituting the prosecution in the county court, or the certified transcript thereof, sent up under Code, § 3839, is the best evidence.

[5] For the purpose of suspending the running of the statute of limitation, the prosecution is begun by the issuance of the warrant, Code, § 4934. But the warrant is based on the affidavit, and could not cover offenses subsequent to the affidavit. In the nature of the case, the prosecution must pertain to offenses committed before the affidavit is made.

[6] The trial court was not in error in admitting the affidavit in the county court for the limited purpose of showing when the prosecution was begun. The Court of Appeals erred in so holding.

The writ of certiorari is granted, judgment of reversal vacated, and the cause remanded to the Court of Appeals.

Writ granted. Reversed and remanded.

All the Justices concur.