227 So.2d 436

**Donald SCOTT**

**v.**

**STATE.**

**1 Div. 332.**

Court of Appeals of Alabama.

[Transferred to 1 Div. 3. Court of Criminal Appeals of Alabama].

June 17, 1969.

Rehearing Denied by Court of Appeals
Aug. 19, 1969.

Thomas M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a conviction of assault with a pistol, a misdemeanor. Code 1940, T. 14, § 33. Scott was fined $50.00 to which the trial judge added 90 days hard labor with suspension of sentence during good behavior for twenty-four months. Holman v. State, 43 Ala.App. 509, 193 So. 2d 770.

The facts are simple; they either tend to exonerate or to convict. Under familiar principles, we must take that version which upholds the verdict below.

Briefly, Scott went to the home of one Charles Harrington and presented a pistol. Thereupon, whilst holding the gun on his victim, he struck with a blackjack. Scott's object was to collect money from Harrington.

Scott denied this assault (and battery) and also adduced a witness who stated that Harrington enjoyed a bad reputation for truth and veracity.

The only point argued by appellant is that the statute of limitations had already run by the time the District Attorney filed his complaint *de novo* in the Circuit Court.

■ The offense was committed January 6, 1967. The Circuit Court complaint was filed March 21, 1968.

But the appeal bond to remove the case to the Circuit Court recites a judgment rendered January 27, 1967, by the Recorder of Mobile. Code 1940, T. 37, § 594. Hence, we infer and therefore presume that an originating warrant or summons was issued out of the Recorder's Court within three weeks after the alleged assault.

At common law, the lapse of time in prosecution was no bar: *nullum tempus occurrit regi.* Kenny's Outlines of Criminal Law (17th ed.) 508. Hale, 2 P.C. 72, calls the arrest the first instance of prosecution.

Code 1940, T. 15, § 225 gives three points of beginning viz. indictment, issuance of warrant, or binding over. See Richardson v. State, 215 Ala. 318, 111 So. 204.

Code 1940, T. 15, § 222 reads as follows:

"The prosecution of all misdemeanors before the circuit, or county court, unless otherwise provided, must be commenced within twelve months next after the commission of the offense".

■ We hold that the original arrest (i. e., between January 6 and 27, 1967) tolled the running of the statute because the prosecution began then. The Recorder's acting under § 594, supra, made his court ad hoc a "county court" within the meaning of § 222, supra. See discussion in Herrmann

v. Robinson, 43 Ala.App. 442, 192 So.2d 251.

For the purpose of beginning prosecution under § 222, supra, the appeal to the Circuit Court was but the continuation of the prosecution before the Recorder. See Ross v. State, 55 Ala. 177(2); and § 225, supra.

The de novo complaint required of the District Attorney is only an essential part of a skein of the prosecution. Indeed trial may be had in the Circuit Court on the lower court complaint. Taylor v. Decatur, 40 Ala.App. 571, 117 So.2d 786. Here action began with issuance of the warrant, which one statement in court said was issued January 13, 1967.

Delay between the Recorder's court and the Circuit Court trial is not shown to have been complained of by any demand in the nature of one for speedy trial.

We find no error and the judgment below is due to be

Affirmed.

On Rehearing

CATES, Judge.

■ Counsel for Scott contends that we have overlooked the following adverse ruling of the trial judge shown at Page 24 of the record:

"Q Did he ever pull the trigger on the gun?

"A If he did, I don't know it; it didn't shoot you know what I mean.

"Q Didn't shoot?
"A No, sir.

"Q He could have shot anybody if it were a real gun—

"MR. PFLEGER: Object to that, if the Court please.

"THE COURT: Sustained.

"MR. HAAS: Do you know of anything that would have prevented him from doing it?

**152**

"MR. PFLEGER: Object to that, if the Court please.

"THE COURT: Sustain the objection."

We consider that the ruling of the trial judge in sustaining State's second objection was eminently correct. We construe Mr. Haas's question as seeking to find out if the witness Harrington was cognizant of the mental processes or visible outward manifestations thereof exhibited by the defendant. The question was too vague and, therefore, was objectionable.

The appellant complains of the language used in the next to the last paragraph of our opinion on original deliverance to the effect that the defendant did not complain of the lack of a speedy trial after he got into circuit court.

Counsel points out that Scott, on the 30th day of January 1967, filed a demand for a trial by jury.

As we construe this pleading, it seems to have been attached as an endorsement to the appeal bond approved by the Recorder which was the first pleading filed in the circuit court. This we also construe as being employed to prevent the waiver of the right to a jury trial but we do not construe it as a demand for a speedy trial.

In Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, the court apparently approved the majority view as reflected in Headnote 5, which reads:

"Demand for trial or objection to postponement of trial or some other effort to secure speedy trial on part of accused ordinarily must be affirmatively shown in order to entitle accused to discharge on ground of delay. Const.1901, § 6."

Since the defendant was not in the penitentiary or in jail, the ratio decidendi in Ex parte State ex rel. Attorney General, supra, would not be present here since that case related to a prisoner who apparently was disadvantaged in obtaining witnesses, etc., by reason of imprisonment or incarceration.

 In sum, we hold that Scott's failure to make an express demand for immediate trial does not entitle him to complain later about any delays. Elliott v. State, 283 Ala. 67, 214 So.2d 420.

Application overruled.