Curtis Leon LOMAX,
Petitioner–Appellant,

v.

STATE OF ALABAMA,
Respondent–Appellee.

No. 79–2686.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1980.

J. Wilson Dinsmore, Birmingham, Ala. (Court–appointed), for petitioner–appellant.

Jimmy L. Debardelaben, Alcohol Beverage Control Board, Montgomery, Ala., for respondent–appellee.

Before GEE, TJOFLAT and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

Curtis Leon Lomax was convicted of robbery in November, 1976, after a jury trial in the Circuit Court of Jefferson County, Alabama. After exhausting his state reme-

dies,[1] Lomax instituted this habeas corpus proceeding, 28 U.S.C. § 2254 (1976), in the United States District Court for the Northern District of Alabama. Petitioner contends that his sixth and fourteenth amendment right to counsel was denied, when, after his arrest on a warrant, he was placed in a lineup without benefit of legal counsel. The district court rejected this contention and denied the writ; we affirm.

I

On July 14, 1975, the Ed Braswell Furniture Company of Birmingham, Alabama, was robbed by two black males. Upon entering the store, one of the men struck Jack Sellers, a company employee, on the back of the head with a blunt instrument. This same individual then used a gun in ordering two other store employees, Marie Braswell and Ida Williams, to lie face down on the floor. The two men then proceeded to rob the store.

Sellers testified at trial that during the course of the robbery he viewed one of the robbers directly in the face for five or ten seconds and in profile for approximately three to five minutes. Sellers described this individual as a black male, around 20 years of age, tall, slender, with a goatee and wearing a straw hat, sunglasses, a flowered shirt and blue pants. Neither Mrs. Braswell nor Mrs. Williams was able to observe the face of either robber adequately, although Mrs. Braswell noticed the two men entering the store. She described them both as having goatees and wearing sunglasses, straw hats, and multi–colored shirts.

A few days after the robbery, Sergeant Lavaughn Coleman of the Birmingham Police Department displayed a photo array to Mr. Sellers, who selected a photograph of the petitioner and identified him as one of

the men that robbed him on July 14, 1975. Thereafter, on July 18, 1975, Sergeant Coleman obtained an arrest warrant and took the petitioner into custody. On July 19 a lineup was held at which Mrs. Braswell was present. Although unable to make a positive identification, Mrs. Braswell picked petitioner out of the lineup as the man whose height and build most closely resembled those of one of the robbers. It is uncontested that petitioner was not advised of his constitutional rights before this lineup, and that he did not have an attorney present during the lineup.

At trial, Mr. Sellers identified petitioner as one of the men he watched rob the Ed Braswell Furniture Company on July 14, 1975. Mrs. Braswell identified petitioner in court as the individual she picked out of the lineup.

II

The sole issue presented in this appeal is whether petitioner's sixth and fourteenth amendment right to counsel in criminal prosecutions[2] attached after he was arrested on a warrant, thus rendering the lineup without benefit of counsel a denial of his constitutional right to legal representation.

The sixth amendment has been held to extend the right of counsel to an accused at certain pretrial lineups. *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The controlling case law in this area clearly indicates that the commencement of adversary judicial proceedings marks the point at which the sixth amendment right to counsel becomes operative:

In a line of constitutional cases in this Court stemming back to the Court's landmark opinion in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, it has

---

1. The Alabama Court of Criminal Appeals affirmed Lomax's conviction and denied rehearing, *Lomax v. State*, 359 So.2d 832 (Ala.Crim. App.1978). The Supreme Court of Alabama denied certiorari, 359 So.2d 836 (Ala.1978). Lomax then petitioned the United States Supreme Court, pursuant to 28 U.S.C. § 1257(3) (1976), for a writ of certiorari, which was de-

nied. 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978).

2. "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const.* amend. VI.

been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him.

*Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972).

Thus, the point at which adversary proceedings commence is determinative of the presence of the right to counsel. Ascertaining when adversary proceedings have commenced is not to be accomplished through a purely formal application of quantitative criteria.[3] Rather, reliance should be placed on the sometimes elusive degree to which the prosecutorial forces of the state have focused on an individual. Once the state has committed itself to prosecute, it is then and "only then that the adverse positions of government and defendant have solidified. . . . It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable." *Kirby v. Illinois,* 406 U.S. 689–690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1967). *See also Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977).

The Fifth Circuit has applied this standard,[4] but not in a situation such as that presented in this appeal. This court has held, however, that a warrantless arrest in Alabama does not trigger the commencement of adversary criminal proceedings: "An arrest on probable cause without a warrant, even though that arrest is for the crime with which the defendant is eventually charged, does not initiate adversary judicial criminal proceedings . . . ." *Caver v. Alabama,* 577 F.2d 1188, 1195 (5th Cir. 1978). Under Alabama law, the threshold standard for arrest with a warrant is the same as that for arrest without a warrant. *Compare* Ala.Code § 15–10–3(3), (5) (1975) (arrest without warrant) *with* Ala.Code § 15–7–3 (1975) (arrest with warrant). Arrest without a warrant may be effected in Alabama on a finding of probable cause. Ala.Code § 15–10–3(3), (5) (1975). The procedure for securing an arrest warrant under Alabama law is an *ex parte* one in which a magistrate or judge makes a probable cause determination that an offense has been committed and finds that there is reasonable cause to believe a specific individual is responsible. Ala.Code § 15–7–3 (1975). Thus, in neither event has the prosecutor filed an accusatory instrument against the arrested individual[5] or necessarily become involved in the investigation of the accused.

Petitioner urges us to find, however, that the issuance of a warrant, with nothing further, is enough to transform an investigatory arrest into the initiation of criminal proceedings.[6] We refuse to do so,

---

**3.** Although the Supreme Court has listed formal charge, preliminary hearing, indictment, information and arraignment as examples of when a criminal prosecution has begun, the Court has emphasized that "[t]he initiation of judicial criminal proceedings is far from a mere formalism." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1967). *See also Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), in which the Court refused to draw a line at indictment to indicate the onset of criminal proceedings.

**4.** *McGee v. Estelle,* 625 F.2d 1206 (5th Cir. 1980); *Lacoste v. Blackburn,* 592 F.2d 1321 (5th Cir.), *cert. denied,* 444 U.S. 968, 100 S.Ct. 458, 62 L.Ed.2d 381 (1979); *United States v. Tyler,* 592 F.2d 261 (5th Cir. 1979); *Swicegood v. Alabama,* 577 F.2d 1322 (5th Cir. 1978); *Caver v. Alabama,* 577 F.2d 1188 (5th Cir. 1978); *McGuff v. Alabama,* 566 F.2d 939 (5th Cir.), *cert. denied,* 436 U.S. 949, 98 S.Ct. 2856, 56 L.Ed.2d 791 (1978).

**5.** Compare *U.S. ex rel. Robinson v. Zelker,* 468 F.2d 159 (2d Cir. 1972), *cert. denied,* 411 U.S. 939, 93 S.Ct. 1892, 36 L.Ed.2d 401 (1973), which describes the issuance of a warrant upon filing of an information, an accusatory instrument.

**6.** Petitioner argues that Ala.Code § 15–3–7 (1977), which states in part that "[a] prosecution may be commenced within the meaning of this chapter by . . . the issuing of a warrant . . . ," must be read to require a finding that issuance of a warrant commences prosecution in Alabama for sixth amendment purposes. We believe the statute fixes the starting point of prosecutions for purposes of the statute of limitations. *See Griffin v. State,* 352 So.2d 847, *rev'd on other grounds,* 352 So.2d 842 (Ala.1977); *Richardson v. State,* 215 Ala. 318, 111 So. 204 (1926); *Scott v. State,* 45 Ala.App. 149, 227 So.2d 436 (Ala.Crim.App.), *cert. denied,* 284 Ala. 733, 227 So.2d 438 (Ala.

remembering the declaration of the Supreme Court that the onset of adversary judicial proceedings "is far from a mere formalism." *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). *See United States v. Duvall*, 537 F.2d 15, 22 (2d Cir.), *cert. denied*, 426 U.S. 950, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).

■ An arrest by itself, with or without a warrant, falls far short of an official accusation by the state against the arrested individual. Furthermore, there is nothing in the records of the state court proceedings or the proceedings below that indicates any involvement of the state's prosecutorial forces at the time the warrant was issued: there is no evidence of a commitment to pursue prosecution or of an awareness of petitioner's impending arrest. Similarly, the record is devoid of indications that the Alabama prosecutor customarily participates in preparing complaint affidavits used to secure warrants or in any other aspect of the warrant procedure.[7] Absent proof of significant prosecutorial involvement in procuring an arrest warrant, the arrest must be characterized as purely investigatory—the forces of the state have not yet solidified in a position adverse to that of the accused. Thus, petitioner's formalistic proposition must be rejected, although we do not intimate whether the same result would follow in a case in which the prosecution was involved in the warrant procedure.

For the aforementioned reasons the district court's denial of the writ is AFFIRMED.

1969). The statute is not controlling for sixth amendment purposes.

7. At oral argument counsel for the State of Alabama stated that it was not uncommon for Alabama prosecutors to become involved in the issuance of warrants. Their involvement, he asserted, was merely to assist in regulating the caseload of Alabama courts by pre-screening cases suitable for prosecution. Although this is troublesome to the court, there is nothing in the record to indicate, nor does petitioner contend, that this indeed occurred in petitioner's case.