The appellant, Marchal A. Beals, was convicted for driving under the influence of alcohol, fined $250, and sentenced to one year's imprisonment in the county jail. Three issues are raised on this appeal from that conviction.
 I
Beals argues that the trial court erred in denying his motion for a "more complete record."
Five days before Beals' appellate brief was due to be filed in this Court, he filed a "motion for a more complete record on appeal" before the circuit court. In that motion, he alleged that the record either did not reflect his objection and argument or his entire objection and argument on four particular matters: (1) the improper amendment of the U.T.T.C.; (2) the failure of the U.T.T.C. to state an offense; (3) the omission from the record of a copy of the U.T.T.C.; and (4) the omission of defense counsel's argument in support of the motion for a judgment of acquittal at the close of the State's case.
The trial judge conducted an evidentiary hearing on this motion, ordered that the U.T.T.C. be included in the record, and found "all other motions, objections and grounds are contained in the record and that portion of said motion is hereby denied." We find that the trial judge did not abuse his discretion in this matter.
With regard to the alleged improper amendment of the U.T.T.C., the record reflects the following:
 "(A Jury being duly empanelled, struck, sworn and instructed by the Court and recessed to the Jury Room outside the presence and hearing of the Courtroom while the following proceedings were had and done:)
 "MR. QUICK [Defense Counsel]: I want to argue my motion.
 "THE COURT: Why was this motion not made prior to the Jury being selected?
 "MR. QUICK: I thought the matter would be taken care of before the Jury was struck. I brought it to Mr. Holladay's attention yesterday.
 "THE COURT: The rules say you should put this in writing if I am going to rule on it. I'll let you argue it now.
 "MR. QUICK: I didn't really know I would have this motion until the District Attorney would not do anything about this Solicitor's Complaint. I brought this up twice before the Jury was struck and empanelled. What I'm saying in District Court, this man was charged by UTTC-1. According to that, this man was charged with violation of 32-5A-191A-1, which is being .10 or better. Now the Solicitor came back almost two years later and filed a solicitor's complaint and filed under 32-5A-191A-2, which is under the influence of alcohol. Those are separate offenses. They can't try him in District Court for one, and come back in Circuit Court, under a Solicitor's Complaint and change what he was initially charged with.
 "THE COURT: There was a Waiver of Arraignment filed. Did you file any objection at that point?
 "MR. QUICK: I think I can make this objection at any time.
 "THE COURT: All you did was enter a plea of not guilty.
 "MR. QUICK: I'm alleging that they can't come forth now and change it.
 "(At this time, there was further argument of said motion and objection by the defendant's attorney and the district attorney.)
"THE COURT: Your motion is overruled."
Rule 21(b), Temp.A.R.Cr.P., provides: "In all non-capital cases, the court reporter shall take full stenographic notes of the arguments of counsel if directed to do so by the judge." This rule supercedes that part of Alabama Code 1975, §12-17-275, which provides that "[t]he official court reporter . . . shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, . . ." Here, there is no allegation that defense counsel made a contemporaneous request *Page 719 
that the trial judge direct the court reporter to record his argument.
The record contains no transcript of the hearing on the motion to correct the record. "When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge." Ballard v. State, 236 Ala. 541,542, 184 So. 260, 261 (1938). "Our cases are legion to the effect that the burden is on the party alleging error to show it affirmatively by the record." Fuller v. State, 269 Ala. 312,324, 113 So.2d 153, 163 (1959), cert. denied, Fuller v.Alabama, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960). The comments of our Supreme Court in Washington v. State, 259 Ala. 104, 65 So.2d 704 (1953), involving a similar situation, are applicable here.
 "It is argued for appellant that this court should adjudge that an exception was taken to said ruling because of a post-trial hearing before the presiding judge of that circuit, in which counsel for the defendant testified that exception was reserved, whereas the assistant solicitor and the court reporter testified to the contrary or that they had no recollection of such fact. After [the] hearing the judge stated that he was unable to determine whether an exception was or was not taken and that therefore he could not adjudge that the same was taken. This court is certainly no better advantaged to determine the question than was the trial court. The burden is on the appellant to establish the fact contended for and to show error, and in the state of the record here he has not discharged that burden." Washington, 259 Ala. at 107, 65 So.2d at 707-08.
Under the facts and circumstances here presented, we must presume that the objections and the grounds for those objections appearing in the record are the only objections and grounds asserted in the circuit court.
We find that the objection to the complaint was delinquent because it was made after the jury had been selected and empaneled. The general rule is stated in Ex parte Tomlin,443 So.2d 59, 62-63 (Ala. 1983), cert. denied, Tomlin v. Alabama,466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984): "By appearing and entering a plea at his arraignment, the petitioner waived any irregularities in the indictment unless the indictment was so defective that it left the accused unaware of the nature and cause of the charges against him." See also Rule 16.2, Temp.A.R.Cr.P.
Here, Beals waived arraignment and pleaded not guilty by filing a printed form. Contained in that form is the following reservation:
 "But, the Defendant specifically and expressly reserves the right upon filing hereof to hereafter, but before trial or before such date as may be set by the Court, to Interpose any special pleas or additional pleadings which the Defendant had the right as a matter of law or rule to Interpose in this cause, prior to the filing hereof. * * * Both myself [defense counsel] and the defendant understand that I am responsible for ascertaining what date, if any, has been set by the Court for the making or filing of any additional pleadings or special pleas." [Emphasis added.]
"Once the jury was impaneled and sworn and the indictment was read, jeopardy had attached. . . ." Ex parte Beverly,497 So.2d 519, 525 (Ala. 1986). Therefore, when Beals made his objection his trial had already begun. Although, defense counsel stated, "I brought this up twice before the Jury was struck and empaneled," it must be assumed that he "brought this up twice" with the district attorney because defense counsel also stated, "I brought it to Mr. Holloway's attention yesterday." There is nothing in the record to show that this matter was brought to the trial judge's attention before the jury had been selected. The portion of the record quoted above indicates that this matter was first raised after the trial had started. Consequently, we find that the motion was properly denied on procedural grounds alone.
The substance of Beals' motion was that the U.T.T.C. charged him with driving with a blood-alcohol level of 0.10% or greater in violation of subsection (a)(1) of *Page 720 
§ 32-5A-191, while the complaint charged him with driving under the influence of alcohol in violation of subsection (a)(2). These are separate offenses. Collier v. State [Ms. I Div. 427, November 10, 1987], (Ala.Cr.App. 1987); Sisson v. State,528 So.2d 1151 (Ala.Cr.App. 1987). A complaint must not vary from the charge as laid in the affidavit for the warrant. Horn v.State, 22 Ala. App. 459, 461, 117 So. 283, 284 (1928).
However, the record does not show which offense Beals was convicted of in the district court and the U.T.T.C., while not void, is unclear. The U.T.T.C. charged Beals with "unlawfully operating a motor vehicle . . . in violation of 32-5A-191." In the portion of the U.T.T.C. styled "description of offense" appears the following:
"Driving while under the influence of:
"[x] Alcohol BAC: .1250"
The U.T.T.C. is dated July 7, 1985, and is the "old form." See Sisson, 528 So.2d at 1154; Rule 19, A.R.Jud.Adm., as amended October 28, 1985, effective January 1, 1986. "When this particular form of the U.T.T.C. is used to charge a violation of § 32-5A-191, it is unclear whether the defendant is being charged with subsection (a)(1) or (a)(2) of the statute where the arresting officer determines the defendant's blood alcohol content to be .10 percent or above and notes it on the U.T.T.C." Sisson, 528 So.2d at 1154. Such a U.T.T.C. will support a charge for either driving under the influence or driving with a blood-alcohol level of .10% or greater. CompareCorum v. City of Huntsville, 491 So.2d 1091, 1092 (Ala.Cr.App. 1986).
The record contains no indication that Beals ever challenged the sufficiency of the U.T.T.C. "The plea or demurrer of defendant is to the complaint as filed by the solicitor, and not to the original affidavit, unless the original affidavit is void and charges no offense. . . ." Nailer v. State,18 Ala. App. 127, 128, 90 So. 131, 132 (1921). "[A] defendant . . . can even waive his right to have any written statement informing him of the accusation against him, if he does not object to those defects at trial." City of Dothan v. Holloway,501 So.2d 1136, 1139 (Ala. 1986). A defendant must raise defects pertaining to personal jurisdiction at the appropriate time before trial or the objection is considered waived.Holloway, 501 So.2d at 1139. "[W]here a defendant has proceeded to trial in an inferior court without demanding a written complaint of the accusation against him, then that defect in the proceedings is deemed to have been waived." Holloway,501 So.2d at 1138.
With regard to Beals' motion for a judgment of acquittal, the record shows the following:
 "MR. QUICK: We made a motion for Judgment of Acquittal based on the fact that the State has not made a prima facie case. They have charged him in the complaint he was under the influence and the evidence produced by the State is contradictory. The evidence, at best, is circumstantial. The law is clear on that it must be strong. I asked the officer about the symptoms that he said the defendant exhibited, if those symptoms were consistent with a person who is ill or a person who is sick.
 "(At this time, there was further argument by the defendant's attorney and the district attorney relative to said motion)."
As we have stated earlier, the court reporter is not required to report the argument of counsel. Therefore, we find no error.
In his brief on appeal, Beals states "the Appellant is sure that the record cannot be supplemented because the record was not kept concerning the matters in issue." Appellant's brief at 17. This is fatal to Beals' argument on appeal. Rule 10(d), A.R.A.P., provides the method of constructing a record where no report of the evidence or proceedings at a hearing or trial was made. Relief under that rule was not sought in this case.
 II
The State presented a prima facie case of the crime of driving under the *Page 721 
influence of alcohol and the issue of Beals' guilt was properly submitted to the jury.
St. Clair County Deputy Sheriff Chris Isbell observed Beals' automobile stopped in the right-hand lane of Highway 1-59 at approximately 12:20 a.m. on July 3, 1985. Beals was slumped over the driver's seat either unconscious or asleep. Deputy Isbell reached inside the car, turned off the engine, and helped Beals out of the car. He observed beer cans in the floorboard of the car. Beals was disoriented and could not walk without assistance. He appeared to have urinated in his trousers, his clothes were disarrayed, his speech was slurred and he could not be understood. Deputy Isbell "observed a strong odor of alcohol beverage" when he helped Beals out of the car. The deputy arrested Beals for D.U.I. and took him into custody. He testified that, in his opinion, Beals was under the influence of alcohol and was intoxicated to the extent it would affect his driving ability. At 12:50 a.m., Beals had a blood-alcohol level of .12%.
On cross-examination, Deputy Isbell testified that some of Beals' symptoms were consistent with a medical problem:
 "Q. The symptoms we are talking about, excluding the smell of alcohol — unsteady on your feet; being unable to stand; unable to communicate; disoriented and things of that nature are also consistent with other things too, aren't they? Like a medical problem?
"A. Yes, sir." (Emphasis added.)
Beals testified in his own defense and claimed that he must have suffered a blackout. He stated that he drank three beers between six o'clock and ten thirty that night. In December of 1985, he went to a hospital for treatment for the swelling of his legs. He initially did not seek medical treatment for blacking out. The only time he ever blacked out "out in the open" (as opposed to "sitting on the couch, like watching a ballgame or something") was at the time of his arrest. That was the only time he had ever had a blackout "in a condition like that." Beals testified that when he went to the hospital he "had bleeding and a hernia in [his] throat."
Whether Beals was suffering from "blackout spells" or was intoxicated was a question for the jury. Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo,368 So.2d 877 (Ala. 1979). See Pace v. City of Montgomery,455 So.2d 180, 186 (Ala.Cr.App. 1984) ("Whether the appellant was suffering from a concussion or was intoxicated was a question for the trial jury to determine. . . ."). "In a prosecution for driving a motor vehicle while intoxicated . . . the question whether the defendant was in fact intoxicated or under the influence of intoxicating liquor is one for the jury where there is conflicting evidence in regard thereto." 7A Am.Jur.2dAutomobiles and Highway Traffic § 393 (1980).
Here, the jury could have believed both the prosecution and the defense and still found Beals guilty. Under the evidence Beals could have suffered a blackout and still have been driving under the influence of alcohol. The evidence that Beals had been drinking is inconsistent with any rational hypothesis of innocence. See Ex parte Mauricio, 523 So.2d 87 (Ala. 1987), on the sufficiency of circumstantial evidence. The issue of his guilt or innocence was properly submitted to the jury.
 III
Beals argues that the circuit court did not have jurisdiction because the solicitor's complaint was not filed within twelve months of the offense.
This issue was not raised in the trial court. In the motion for a more complete record on appeal Beals does not even allege that this issue was raised at trial.
Here, the complaint was filed approximately nineteen months after the offense occurred and the U.T.T.C. was written, and approximately seventeen months after the appeal was taken from the district court.
"Unless otherwise provided, the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense." Alabama Code 1975, § 15-3-2. Here, the issuance of the U.T.T. *Page 722 
C. tolled the running of the statute of limitations for the purpose of beginning the prosecution under § 15-3-2. SeeWatkins v. State, 455 So.2d 160, 163 (Ala.Cr.App. 1984). "[T]he appeal to the Circuit Court was but the continuation of the prosecution before the [district court]." Scott v. State,45 Ala. App. 149, 151, 227 So.2d 436, 437, cert. denied, 284 Ala. 733, 227 So.2d 438 (1969).
Section 12-22-113 provides that "[t]he trial in the circuit court shall be de novo" and specifies the proper form for the complaint. Part of that form states: "The state of Alabama, by its district attorney, complains of C.D., that, within 12 months before the commencement of this prosecution, he did (here describe the offense as in cases of indictment)." As stated above, the prosecution commenced when the U.T.T.C. was filed and the appeal to the circuit court was but the continuation of that prosecution. Scott, supra. The filing of the complaint was not barred by the statute of limitations.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.