TAYLOR, Judge.
The appellant, James Allen Hastings, was charged with driving under the influence of alcohol. At his trial in the district court of Morgan County, the appellant challenged the court’s jurisdiction, claiming that the Uniform Traffic Ticket and Complaint (U.T.T.C.) issued to him charged two offenses. At the initial trial in district court, the appellant’s motion to dismiss based on this “duel charge” allegation was denied. Instead, the district court compelled the state to elect which of the two charges it would proceed under. The state elected to prosecute under “.10% or more by weight of alcohol in his blood” (pursuant to § 32-5A-191(a)(l), Code of Alabama 1975) and offered the appellant a continuance. No evidence was presented because the appellant stipulated that the state could prove the elements of this offense. The district court found the appellant guilty of driving under the influence of alcohol. He *796 then appealed to the circuit court in Morgan County for a trial de novo, where he pleaded guilty but reserved the right to raise the issue of jurisdiction on appeal. The appellant presents two issues on appeal.
I
The appellant maintains that according to the U.T.T.C. issued to him, he was accused of “driving] or be[ing] in actual control of a motor vehicle while there was .10% or more by weight of alcohol in his/ her blood” (a violation of § 32-5A-191(a)(1), Code of Alabama 1975) and while he was “under the influence of alcohol” (a violation of § 32-5A-191(a)(2), Code of Alabama 1975). Therefore, he claims that the U.T.T.C. charged two separate offenses and therefore failed to “specifically inform the accused of the charge he was called upon to answer so as to deprive the court of jurisdiction.”
Contrary to the appellant’s contention, our Supreme Court has determined that § 32-5A-191(a)(l) and § 32-5A-191(a)(2) do not constitute separate offenses but are alternative methods of proving the same offense. Sisson v. State, 528 So.2d 1159 (Ala.1988). The Court in Sisson stated that the notification requirements of Rule 19, Ala.R.Jud.Adm. must still be complied with before a complaint alleging a violation of either § 32-5A-191(a)(l) or § 32-5A-191(a)(2) can be amended to charge the other.
In the present case, there was no amendment to the complaint. The State simply withdrew that portion of the complaint pertaining to § 32-5A-191(a)(2) prior to the initial trial in district court. Withdrawing a part of a charge does not constitute an amendment to the U.T.T.C., provided that nothing new is added and that the charge under the remaining subsection was not restated differently. Nerud v. City of Mountain Brook, 517 So.2d 652 (Ala.Cr.App.1987). Accordingly, we find no error.
II
The appellant next attacks the district attorney’s complaint filed with the circuit court on appeal. He contends that the district attorney failed to file the complaint with the circuit court “within either one year of the offense or one year of the appeal.”
The issuance of a valid U.T.T.C. tolls the statute of limitations for the purpose of commencement of prosecution of misdemeanors pursuant to § 15-3-2, Code of Alabama 1975. Beals v. State, 533 So.2d 717 (Ala.Cr.App.1988). An appeal to the circuit court is a continuation of the prosecution that was commenced in the district court. Scott v. State, 45 Ala.App. 149, 227 So.2d 436, cert. denied, 284 Ala. 733, 227 So.2d 438 (1969). There is no additional requirement that the district attorney file his complaint with the circuit court within one year of the appellant’s arrest. Beals, supra.
AFFIRMED.
All the Judges concur.