**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edward Lee LANGLEY,**
**Defendant–Appellant.**

No. 87–3478
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Thomas Keith, Asst. Federal Public Defender, Pensacola, Fla., for defendant-appellant.

Stephen Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

Appellant challenges his conviction for bank robbery, *see* 18 U.S.C. § 2113(a)

(1982), seeking a new trial. He presents two claims of error; both concern lineup identifications of appellant made by four eyewitnesses to the robbery. Neither claim has merit, and we accordingly affirm.

The bank robbery occurred on January 9, 1987 in Pensacola, Florida. Three bank employees and a customer of the bank witnessed the crime while it was in progress, but the robber got away before the police could be summoned. Three days later, one of the bank's tellers identified appellant as the culprit from an array of six photographs.

On February 5, 1987, a United States magistrate issued a warrant for appellant's arrest. Before the FBI could arrest appellant, however, the Pensacola police took him into custody on non-federal charges. When the FBI learned of appellant's arrest, two agents went to the jail to interview him; at that time, they advised appellant of the arrest warrant the magistrate had issued and that they had lodged a detainer against him. A few days later, while appellant was still being held on the non-federal charges, FBI agents conducted a lineup at the jail to determine whether the three remaining witnesses to the robbery (two bank employees and the bank customer) could identify appellant. All three picked him out.

Prior to his trial in the district court, appellant moved the court to suppress the evidence of the photographic and lineup identifications made by the four eyewitnesses; he contended that these identifications were invalid because the police held the lineups without affording appellant the right to have an attorney present while the identifications were being made. The district court denied appellant's motion, concluding that, at the time of the lineups, federal criminal proceedings had not been initiated against him and, therefore, his sixth amendment right to counsel had not attached. Appellant challenges this ruling.

■ The district court's ruling was correct. A defendant's sixth amendment right to counsel attaches only after the government initiates adversarial judicial proceedings, *see United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and has committed itself to prosecute the defendant. *See Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). The mere filing of a complaint and the issuance of a warrant for the defendant's arrest, as occurred in this case, does not meet this *Wade/Kirby* test. *See United States v. Gouveia*, 467 U.S. 180, 190, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146 (1984); *Lomax v. Alabama*, 629 F.2d 413, 415 (5th Cir.1980), *cert. denied*, 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1981);* *McGee v. Estelle*, 625 F.2d 1206, 1208 (5th Cir.1980), *cert. denied*, 449 U.S. 1089, 101 S.Ct. 883, 66 L.Ed.2d 817 (1981); *United States v. Duvall*, 537 F.2d 15, 22 (2d Cir.), *cert. denied*, 426 U.S. 950, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). Accordingly, appellant had no sixth amendment right to counsel at the time the eyewitnesses made their identifications.

■ Appellant contends that the district court erred in permitting these four eyewitnesses to identify appellant in the presence of the jury because they had been subjected to impermissibly suggestive lineups. We disagree; neither the photographic array nor the lineups were suggestive. The identification procedures were conducted with great care, to ensure that persons bearing physical characteristics similar to appellant's were displayed to the witnesses.

The judgment of conviction is, accordingly,

AFFIRMED.

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.