United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1522

_____

United States of America,          *
                                     *

      Appellee,                *     Appeal from the United States
                                    *     District Court for the Western
      v.                     *     District of Missouri.
                                      *

Alfonso Moore,               *
                                     *

      Appellant.              *

_____

Submitted:  June 11, 1997

Filed:  September 10, 1997

_____

Before BOWMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Alfonso Moore appeals the district court's[1] denial of his motion to suppress a statement that he made to a government agent. We affirm.

_____

[1] The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

## I.

While Mr. Moore was incarcerated in New York state on unrelated state charges, the Bureau of Alcohol, Tobacco, and Firearms ("BATF") filed a criminal complaint against him in the Western District of Missouri, alleging that he had violated 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by a felon. An affidavit by a BATF agent accompanied the complaint, and, after making a finding of probable cause, a United States magistrate judge issued a warrant for Mr. Moore's arrest. On the basis of that warrant, Mr. Moore was arrested in New York and taken before a United States magistrate judge for the hearing required by Fed. R. Crim. P. 40(a). At that appearance, Mr. Moore waived his right to an identity hearing, and the magistrate judge ordered him returned to the Western District of Missouri.

Upon Mr. Moore's return to Missouri, a pretrial services officer interviewed him. During this interview, Mr. Moore completed the financial status affidavit used by the court to evaluate claims of financial need. After that interview, while Mr. Moore was awaiting his appearance before the magistrate judge for appointment of counsel, the BATF agent conducted a second interview of Mr. Moore. The BATF agent obtained a signed, written waiver of Mr. Moore's right to counsel and a statement by Mr. Moore that he had possessed and sold a firearm. A federal grand jury indicted Mr. Moore, charging him with violating 18 U.S.C. § 922(g)(1), soon thereafter. After the district court denied Mr. Moore's motion to suppress the statement that he made to the BATF agent, he pleaded guilty to the charge against him.

## II.

Mr. Moore appeals the district court's refusal to suppress the statement that he made to the BATF agent. He argues that his Sixth Amendment right to counsel attached with the filing of the criminal complaint, that he invoked that right during the interview with the pretrial services officer, that any waiver of that right without counsel was ineffective, and that his statement to the BATF agent was therefore taken in violation of the Sixth Amendment. Because we believe that Mr. Moore's Sixth

Amendment right to counsel had not attached at the time of the statement in question, we disagree.

In Kirby v. Illinois, 406 U.S. 682, 688-89 (1972) (plurality opinion), the Supreme Court held that the right to counsel guaranteed by the Sixth Amendment attaches only "at or after the time that adversary judicial proceedings have been initiated ... whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." It is at that point, the Court explained, that "the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified," id. at 689 (plurality opinion), thus initiating judicial criminal proceedings and rendering the assistance of counsel necessary. While it is well settled that an arrest is not a "formal charge" giving rise to a right to counsel, United States v. Gouveia, 467 U.S. 180, 190 (1984), our court has not yet decided whether the filing of a complaint under Fed. R. Crim. P. 3 constitutes a "formal charge" that does give rise to such a right. We believe that it does not.

As explained in United States v. Pace, 833 F.2d 1307, 1312 (9th Cir. 1987), cert. denied, 486 U.S. 1011 (1988), and United States v. Duvall, 537 F.2d 15, 22 (2d Cir. 1976), cert. denied, 426 U.S. 950 (1976), the principal function of a complaint under Fed. R. Crim. P. 3 is to serve as the basis for a judicial determination of probable cause for an arrest warrant under Fed. R. Crim. P. 4(a). Complaints under Fed. R. Crim. P. 3 are, therefore, by definition, issued before an arrest occurs. If an arrest does not trigger the Sixth Amendment right to counsel, we are unable to see how the issuance of a complaint that serves as the basis for a probable cause determination authorizing a later arrest would trigger that right. Because warrantless arrests are sometimes authorized, moreover, we note that if we were to hold that the right to counsel does attach when a complaint under Fed. R. Crim. P. 3 issues, we would be granting greater protection to persons arrested with warrants than without, thus discouraging the use of warrants in making arrests for federal crimes. See Duvall, 537 F.2d at 22. We therefore hold that the issuance of a complaint under Fed. R. Crim. P. 3 is not the type

of "formal charge" contemplated by <u>Kirby</u>, 406 U.S. at 689 (plurality opinion), and that a person's Sixth Amendment right to counsel does not attach upon the filing of such a complaint. <u>See</u>, <u>e.g.</u>, <u>United States v. Langley</u>, 848 F.2d 152, 153 (11th Cir. 1988) (<u>per curiam</u>), <u>cert. denied</u>, 488 U.S. 897 (1988); <u>Pace</u>, 833 F.2d at 1312; and <u>Duvall</u>, 537 F.2d at 22.

We note further that our decision in <u>Chewning v. Rogerson</u>, 29 F.3d 418 (8th Cir. 1994), does not govern the case before us. <u>Chewning</u>, 29 F.3d at 420, addressed the point at which the right to counsel attached in a criminal case in a particular state, and our holding today is limited to complaints filed pursuant to Fed. R. Crim. P. 3.

III.

For the foregoing reasons, we affirm the district court's order denying Mr. Moore's motion to suppress his statement.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.