DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Summit County Court of Common Pleas suppressing oral statements made by Appellee, Michele Cramer. We reverse and remand.
 I. {¶ 2} On April 16, 2003, Cramer was indicted for one count of complicity to commit aggravated murder in violation of R.C.2923.03 and R.C. 2923.01; one count of conspiracy to commit aggravated murder in violation of R.C. 2923.01(A)(1) and R.C. 2903.1 or 2903.02; and one count of complicity to commit murder in violation of R.C. 2923.03 and 2903.02(B). Cramer pleaded not guilty to these charges.
 {¶ 3} On June 18, 2003, Cramer filed a motion to suppress oral statements she made during the course of a police investigation. Following an evidentiary hearing, the trial court granted Cramer's motion, on the ground that her statements were taken in violation of Miranda v. Arizona (1966), 384 U.S. 436. The trial court's findings of fact, supplemented by undisputed details provided by the record, disclose the following account of the circumstances surrounding Cramer's communication of the contested oral statements.
 {¶ 4} Cramer is the mother of Jamie Wagner and Renee Leonard. On the evening of April 7, 2003, detectives from the Cuyahoga Falls Police Department took a statement from Jamie Wagner, who implicated Cramer in the killing of an elderly woman, Gysberta Boer. This statement prompted an investigation of Cramer.
 {¶ 5} Later that evening, Renee Leonard, accompanied by officers from the Cuyahoga Falls Police Department and the Portage County Sheriff's Department, went to Cramer's home, with the purpose of obtaining an incriminating statement from her. Leonard agreed to wear a concealed wire transmitter, in order to permit the police to monitor and record her conversation with her mother. Leonard entered the home alone and spoke with Cramer, who made several statements regarding the death of Gysberta Boer. Cramer did not receive Miranda warnings prior to making these statements.
 {¶ 6} Remaining outside and concealed from Cramer, the police officers surrounded the home. The officers carried with them a signed complaint charging Cramer with aggravated murder, as well as a warrant for Cramer's arrest. The officers did not intend for Cramer to leave her home freely. After Leonard left the home, the officers arrested Cramer.
 {¶ 7} After concluding that Leonard acted as an agent for the police, and emphasizing the police officers' intentions to arrest Cramer, the trial court determined that Cramer's statements were obtained in a manner "tantamount to custodial interrogation." Therefore, concluded the court, the statements were taken in violation of Cramer's Miranda rights and, consequently, were inadmissible.
 {¶ 8} The State timely appealed, asserting one assignment of error.
 II. Assignment of Error
"The Trial Court committed error suppressing the evidence in this case."
 {¶ 9} In its sole assignment of error, the State maintains that the trial court erred by determining that Cramer's statements were obtained in violation of her Miranda rights. We agree.
 {¶ 10} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Long (1998), 127 Ohio App.3d 328,332. "An appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416, citing Ornelas v. United States (1996),517 U.S. 690, 699 (Emphasis sic).
 {¶ 11} The State does not dispute the trial court's findings of fact, but challenges its legal conclusion that Cramer's statements were taken in violation of her Miranda rights.
 {¶ 12} Law enforcement officials are obligated to administerMiranda warnings only to those who are interrogated while "in custody." Oregon v. Mathiason (1977), 429 U.S. 492, 495. Within the Miranda context, "custody" is defined as a restraint on freedom of movement of the degree associated with a formal arrest. California v. Beheler (1983), 463 U.S. 1121, 1125. The issue of whether a suspect was "in custody" is subject to de novo review. United States v. Salvo (C.A. 6, 1998), 133 F.3d 943,948, citing Thompson v. Keohane (1995), 516 U.S. 99.
 {¶ 13} The uncommunicated, subjective intentions of law enforcement officials have no bearing on the determination of whether a defendant is in custody. Berkemer v. McCarty (1984),468 U.S. 420, 442. Rather, the relevant inquiry is whether, under the totality of the circumstances, a reasonable person in the defendant's position would have believed that he was not free to leave. State v. Gumm (1995), 73 Ohio St.3d 413, 429, quotingUnited States v. Mendenhall (1980), 446 U.S. 544, 554.
 {¶ 14} In its analysis, the trial court focused upon the subjective intentions of the police officers involved in Cramer's arrest, emphasizing their aim to arrest her. The trial court did not make findings relevant to the pertinent perspective: a reasonable person in Cramer's position.
 {¶ 15} The record is devoid of any indication that, at any time prior to or during her conversation with her daughter, Cramer was aware that the officers were surrounding her home and intended to arrest her. At the time she made the statements, then, Cramer was in her own home, speaking to her daughter, and unaware of the presence of the police. A reasonable person in this position would not have believed that she was not free to leave. See State v. Perry (Oct. 9, 1996), 9th Dist. No. 17754. Therefore, Cramer was not in custody and was not entitled to receive Miranda warnings prior to making her oral statements.
 {¶ 16} It is well settled that "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96. Citing this rule, Cramer maintains that the trial court's grant of her motion to suppress should be upheld on the alternative ground that her oral statements were taken in violation of her Sixth Amendment right to counsel. We disagree.
 {¶ 17} The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Statements taken in violation of an individual'sSixth Amendment right to counsel must be suppressed. Massiah v.United States (1964) 377 U.S. 201, 207. The Sixth Amendment right to counsel does not attach, however, until the State initiates "formal judicial proceedings" against the defendant. UnitedStates v. Gouveia (1984), 467 U.S. 180, 187.
 {¶ 18} Cramer maintains that her Sixth Amendment right to counsel attached before her conversation with Renee Leonard took place. Specifically, Cramer maintains that formal judicial proceedings were initiated against her by the issuance of a warrant for her arrest and the filing of a complaint charging her with aggravated murder. The mere issuance of an arrest warrant and the filing of a complaint, however, do not initiate formal judicial proceedings. See United States v. Reynolds (C.A. 6, 1985), 762 F.2d 489, 493; United States v. Harris et al. (Jan. 3, 1995), 6th Cir. Nos. 93-1670, 93-1671, 93-1792, 93-1849;United States v. Langley (C.A. 11, 1988), 848 F.2d 152, 152. Therefore, Cramer's Sixth Amendment right to counsel had not yet attached at the time she gave the oral statements.
 {¶ 19} Appellant's assignment of error is sustained.
 III. {¶ 20} The Appellant's assignment of error is sustained. We reverse the decision of the Summit County Court of Common Pleas, which granted Appellee's motion to suppress. The cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Slaby, P.J., Batchelder, J. concur.