

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Santiago" (2006). *2006 Decisions.* Paper 1132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-1515

UNITED STATES OF AMERICA

v.

ALFREDO SANTIAGO
a/k/a PRIMO,

Alfredo Santiago,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00157-3)
District Judge: Honorable Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges,
and IRENAS,* District Judge

(Opinion filed:  May 10, 2006)

OPINION

AMBRO, Circuit Judge

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

Alfredo Santiago, while in jail awaiting trial for drug offenses, was questioned in connection with an unrelated armed-robbery investigation. During that questioning, he waived his *Miranda* rights and signed a confession to the armed robbery. Santiago claims that his confession should be excluded because it was obtained in violation of his Sixth Amendment right to counsel. We disagree and therefore affirm.

## I.  Factual Background and Procedural History

The facts are quite familiar to the parties, so we provide only the most relevant.

On May 19, 2002, Santiago was arrested for drug offenses by the Lancaster, Pennsylvania, police. He was held without bail on the drug charges in the Lancaster County Prison.

On May 20, a detective in the East Lampeter, Pennsylvania, police force learned that Santiago had been arrested in Lancaster. That detective was investigating a May 5 armed robbery of a Days Inn in Berks County, Pennsylvania—a hotel clerk had identified Santiago, from a photograph, as one of the armed robbers. On May 14, a criminal complaint against Santiago requesting an arrest warrant for the armed robbery had been issued in Berks County.

On May 22, Santiago's application for court-appointed counsel for the drug offenses was approved. On May 23, the detective met Santiago in the Lancaster County Prison to discuss the armed robbery. There Santiago waived his *Miranda* rights and signed a confession to the armed robbery.

On June 19, 2002, Santiago was formally arrested for the armed robbery, and he

2

was indicted on three counts relating to it in the Eastern District of Pennsylvania in April 2004. After a jury convicted him on all three counts, Santiago was sentenced to ten years' imprisonment, five years' supervised release, and a fine. He appeals the District Court's denial of his motion to suppress his confession to the armed robbery.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

We review "the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

## III. Discussion

Santiago's principal contention is that his Sixth Amendment right to counsel had attached by the time that the detective questioned him in the Lancaster prison.[1] But the District Court correctly denied his suppression motion under the rule of *Texas v. Cobb*, 532 U.S. 162 (2001).

First, the Sixth Amendment right to counsel is offense specific. *Id.* at 172–73; *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). So the fact that Santiago had been granted court-appointed counsel for his drug offenses does not bear at all on whether he

_____

[1] He does not, however, raise any Fifth Amendment issue as to the adequacy of the waiver of his right against self-incrimination.

3

had counsel for his unrelated armed-robbery offenses.

Second, Santiago was questioned before his formal arrest for the armed robbery and well before his indictment. The Supreme Court has held many times that the "right to counsel does not attach until the initiation of adversary judicial proceedings." *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (citing four cases). That is, the right attaches only when "the government has committed itself to prosecute, and . . . [when] the adverse positions of government and defendant have solidified." *Id.* at 189 (internal quotation marks omitted). The Supreme Court has, therefore, "never held that the right to counsel attaches at the time of arrest," but only later. *Id.* at 190. Our Court has held that "it is clear from the Supreme Court's statements that the Sixth Amendment right to counsel . . . does not extend to the pre-indictment period." *United States v. Ammar*, 714 F.2d 238, 261 (3d Cir. 1983).

Santiago argues that the filing of a criminal complaint (which simply is the preface to an arrest warrant) suffices to trigger the Sixth Amendment right to counsel in Pennsylvania. But even Pennsylvania requires a formal arrest before the Sixth Amendment right attaches. *Commonwealth v. Karash*, 518 A.2d 537, 541 (Pa. 1986) ("[W]e have in this jurisdiction treated the arrest as the triggering event which causes the Sixth Amendment right to attach."); *see also United States v. Moore*, 122 F.3d 1154, 1156 (8th Cir. 1997) (holding that the filing of a federal criminal complaint was insufficient to trigger the right to counsel because, "[i]f an arrest does not trigger the Sixth Amendment right to counsel, we are unable to see how the issuance of a complaint that

4

serves as the basis for a probable cause determination authorizing a later arrest would trigger that right"). As mentioned above, Santiago was not arrested in connection with the armed robbery until June 19, 2002, almost one month after he was questioned. And the federal grand jury did not hand down a formal indictment until April 2004, nearly two years later.

*****

For the above reasons, we affirm the District Court's judgment.